FILED
2022 Mar-10  AM 11:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **STEVE LAWRENCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** _____ |
| | ) | |
| **v.** | ) | (Removed from the Circuit Court of |
| | ) | Lauderdale County, Alabama |
| **THE LINCOLN NATIONAL LIFE** | ) | Case No. 41-CV-2022-900023) |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, *et seq.*, defendant The Lincoln National Life Insurance Company ("Lincoln"), hereby gives notice of the removal of this action from the Circuit Court of Lauderdale County, Alabama, where it is now pending, to the United States District Court for the Northern District of Alabama, Northwestern Division. This Court has federal question jurisdiction because Plaintiff Steve Lawrence ("Lawrence") seeks to recover insurance benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

As grounds for this removal, Lincoln shows as follows:

**The State Court Action**

1.      This action was commenced against Lincoln in the Circuit Court of Lauderdale County, Alabama, on February 1, 2022, when Plaintiff's Complaint was filed.

2.      Lincoln was served with the summons and complaint on February 8, 2022.  True and correct copies of all the pleadings, process and orders served upon Lincoln or contained in the Court file in said action are attached hereto as Exhibit A and incorporated herein.

3.      Plaintiff's claims in his "ERISA Complaint" are brought "for benefits due under an employee welfare benefit plan pursuant to 29 U.S.C. 1132(a)(1)(B)" and are to recover "benefits due under the terms of the Plan."  (Compl., p.1 at title, p. 2 at ¶ 6, p. 4 at ¶ 17, WHEREFORE paragraph).

**Grounds for Removal**

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because this Court is the federal judicial district in which the Circuit Court of Lauderdale County, Alabama is located.  *See* 28 U.S.C. § 81(a)(2).

5.      In his ERISA Complaint, Lawrence alleges that Lincoln wrongfully denied or terminated long-term disability benefits under an "'employee welfare benefit plan[]' as defined under 29 U.S.C. 1002(1)" and asserts that his causes of

action are brought under 29 U.S.C. § 1132, a section of ERISA.  (Compl., p. 1 at ¶ 2, p. 2 at ¶ 6, p. 3 at ¶ 16, p. 4 at ¶ 17, WHEREFORE paragraph).

6.     The controversy between Plaintiff and Lincoln thus involves a federal question over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331, §1441(a), and ERISA § 502(a), 29 U.S.C. § 1132(a).  As such, this action is removable based upon an exercise of federal question jurisdiction over the pled ERISA claim.  *See Chilton v. Savannah Foods & Indus., Inc.*, 814 F.2d 620, 623 (11th Cir. 1987).

7.     However, even if Plaintiff had not pled an ERISA claim on the face of the Complaint, Plaintiff's claims would be removable because the disability plan at issue was offered as part of an employee welfare benefit plan governed by ERISA, and thus Plaintiff's claims are completely preempted by ERISA.  Because Plaintiff states a claim that is completely preempted by ERISA, it is necessarily federal in character and thus removable to federal court.  *See, e.g.*, *Aetna Health, Inc. v Davila*, 542 U.S. 200 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Butero v. Royal Macabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999).

## Procedural Requirements for Removal

8.     Because less than thirty (30) days have passed since Lincoln was served with a copy of the Complaint, this removal is timely under 28 U.S.C. § 1446(b).

9.     As Lincoln is the only defendant in this case, it is not required to obtain the consent of anyone else for proper removal.

10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.  A copy is also being filed with the Clerk of the Court of the Circuit Court of Lauderdale County, Alabama.

11.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the right to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

WHEREFORE, Defendant The Lincoln National Life Insurance Company prays that this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Lauderdale County, Alabama and to effect and prepare in this Court the true record of all proceedings that may have been had in this proceeding.

DATED this 10th day of March, 2022.

*s/Jason A. Walters*

Jason A. Walters (ASB-8747-059W)
K. Laney Gifford (ASB-0000-I39Y)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203
Telephone: (205) 521-8000
Email: jwalters@bradley.com
           lgifford@bradley.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2022, I have electronically filed the foregoing with the Clerk of the Court, and have served on the following via electronic mail as follows:

R. Willson Jenkins
310 W. Tombigbee Street
Florence, Alabama 35630
willson@jenkinsattorney.com

_s/ Jason A. Walters_
Attorney for Defendant